UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL S. HOLTSCLAW, )
 )
    Petitioner, )
 )
v. ) Nos: 2:07-cr-96
 ) 2:11-cv-20
 ) JUDGE JORDAN
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Michael S. Holtsclaw ("petitioner"). The government has filed its response to the motion and petitioner has filed a reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.    Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.  Factual Background

Petitioner pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with the intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and to conspiracy to manufacture 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Petitioner was facing a statutory mandatory minimum sentence of ten years to life. His original total offense level, however, which included a two-level enhancement for a firearm, a three-level enhancement for substantial risk of harm, and a four-level enhancement for his leadership role in the offense, was 43 and thus his advisory guideline sentence range was life.

Petitioner subsequently received the three-level reduction for acceptance of responsibility and his offense level was reduced to 40, with an advisory guideline range of

292-365 months. The government filed a motion for downward departure based up substantial assistance and petitioner's offense level was reduced to 38, with an advisory guideline range of 235-293 months. He was sentenced to concurrent terms of imprisonment of 180 months. In support of his § 2255 motion, petitioner alleges the following: (1) he received ineffective assistance of counsel; (2) his enhancements were improper, and (3) he was subject to a sentencing disparity. The government objects to relief for petitioner pursuant to 28 U.S.C. § 2255.

**III. Discussion**

*A. Alleged Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular

case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Petitioner alleges several instances of ineffective assistance of counsel. The Court will consider each one in turn.

1. **Failure to be present at the presentence interview with the probation officer or at the debriefing with the government.**

Petitioner alleges his attorney was not present during his presentence interview with the probation officer or his debriefing with the government. A presentence interview is not a critical stage of the criminal proceedings and thus there is no right to counsel during the presentence interview, although a probation officer should honor a request for the presence of counsel. *United States v. Tisdale*, 952 F.2d 934, 940 (6th Cir. 1992). The same reasoning would apply to petitioner's debriefing.

In addition, petitioner merely states that he "may have incriminated himself due to a lack of legal counsel." [Doc. 320, Brief in Support of Section 2255, p. 1]. During the

4

sentencing hearing, counsel explained that petitioner had initially hesitated to agree to the factual basis in the presentence report during his interview but did so subsequently after conferring with his attorney. [Doc. 323, Transcript of Sentencing Hearing, pp. 4-5, 26-27]. Petitioner was not prejudiced by his attorney's absence and this claim of ineffective assistance lacks merit.

**2.    Failure to object to enhancements.**

Petitioner alleges his attorney failed to object to the enhancements he received. As determined by the Court below, however, the enhancements were properly applied and thus there was no reason for counsel to have objected. This claim of ineffective assistance lacks merit. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

**3.    Erroneously informed petitioner he was eligible for safety valve.**

Petitioner alleges his attorney assured him he was eligible for the safety valve and that the most he would receive would be four and one-half to six years in prison. This claim is contradicted in the record.

Petitioner's plea agreement noted that the penalty he was facing on each conviction was "a minimum mandatory term of imprisonment of 10 years up to life." [Doc. 156, Plea Agreement, pp. 1-2, ¶ 1(a) - (b)]. Petitioner also acknowledged the following:

> No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person

5

> regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report form the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

[*Id*. at 9, ¶ 11].

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Doc. 322, Transcript of Change of Plea]. The Court first determined that petitioner was 41 years old with a high school degree. [*Id*. at 5]. The Court next determined that petitioner was competent to enter a guilty plea. [*Id*. at 6]. The Court also determined that petitioner had ample opportunity to discuss the charges against him with his lawyer; that he had told his lawyer everything he know about the case; that his lawyer had advised him as to the nature and meaning of the charges against and the elements of the offenses charged; and that he was satisfied with his attorney's advice. [*Id*. at 6-7].

The Court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 8-9]. Petitioner was specifically asked whether any person had pressured him to plead guilty and whether any officer or agent of the government had suggested he would receive a lighter sentence by pleading; he answered "No" to both questions. [*Id*. at 9]. At the Court's request, the government stated on the record the charges against petitioner, the elements of the offenses, and the factual bases for the guilty plea. [*Id*. at 10-15]. Upon questioning by

6

the Court, petitioner acknowledged his understanding of the charges against him and the elements of each charge. [*Id*. at 15]. Petitioner stated that he was pleading guilty because he was in fact guilty of the charges. [*Id*.].

At the Court's request, the government next stated on the record the minimum and maximum penalties the petitioner was facing, which was "a minimum mandatory ten years in Federal Prison, up to life in Federal Prison." [*Id*.]. The Court specifically advised petitioner that "the applicable Sentencing Guidelines will be considered by the Court, and the Court may depart from those guidelines." [*Id*. at 16]. The Court also advised petitioner that his sentence "could be enhanced or increased due to any prior convictions" that petitioner had. [*Id*.]. The Court then accepted the plea agreement. [*Id*. at 19].

It is well-settled that where a Court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). This claim of ineffective assistance of counsel lacks merit.

**4.    Failure to object to sentencing disparity.**

Petitioner alleges that his attorney failed to object to sentencing disparity between him and his co-defendants. This claim is contradicted in the record.

During the sentencing hearing, counsel vigorously argued that the statutory mandatory minimum sentence of ten years was sufficient for a defendant such as petitioner, with no

7

criminal history and no prior drug convictions. [Doc. 323, Transcript of Sentencing Hearing, p. 30]. In doing so, counsel referred to the lesser sentences of petitioner's so-defendants and specifically pointed out that "the most time anybody's got was basically 180 months, and that's someone that went to trial, lost and had a prior conviction." [*Id*. at 31]. This claim of ineffective assistance lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

*B. Enhancements*

As noted, petitioner received a four-level enhancement for his leadership role in the offense, a three-level enhancement for substantial risk of harm, and a two-level enhancement for a firearm. He alleges he should not have received these enhancements. The Court disagrees.

**1.      Leadership Role.**

Petitioner alleges that, prior to his sentencing, a leadership role had already been assigned to a co-defendant and thus he should not have received the enhancement. This argument overlooks the fact that "[t]here can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy." U.S.S.G. § 3B1.1, comment. (n.4). The fact that one of petitioner's co-defendants also received the enhancement for a leadership role does not preclude petitioner from also receiving that enhancement.

8

**2. Substantial Risk of Harm.**

Petitioner received the three-level enhancement based upon a substantial risk of harm to the environment associated with the manufacture of methamphetamine. U.S.S.G. § 2D1.1(b)(10)(C)(ii). Petitioner contends that, because none of his co-defendants received this enhancement, he should not have received it either.

The sentencing guidelines set forth the factors to consider in whether to apply this enhancement. U.S.S.G. § 2D1.1, comment. (n.20). Petitioner's plea agreement set forth the factual basis underlying his guilty plea. [Doc. 156, Plea Agreement, pp. 3-6, ¶ 4(a) - (j)]. A review of those facts indicates that the enhancement was proper and the fact that petitioner's co-defendants did not receive the enhancement is irrelevant.

**3. Possession of Firearm.**

Petitioner alleges that he should not have received the enhancement for possession of a firearm because his right to possess a firearm had not previously been revoked and thus it was legal for him to possess a firearm. This argument overlooks the fact that the two-level enhancement applies "[i]f a dangerous weapon (including a firearm) was possessed" during the offense. U.S.S.G. § 2D1.1(b)(1). Whether or not petitioner had a legal right to possession a firearm is immaterial. *See United States v. Otero*, 868 F.2d 1412, 1415 (5th Cir. 1989) (enhancement for possession of firearm during drug offense "is not dependent on whether the weapon is carried illegally").

Petitioner's arguments that his enhancements were improper lack merit. Accordingly, petitioner is not entitled to relief on these claims.

9

### D. Sentencing Disparity

Petitioner alleges the he suffered from a sentencing disparity because his co-defendants received lesser sentences. A great disparity between a defendant's advisory guideline sentence and his co-conspirators' sentences may cause the district court to consider a downward departure to conform the defendant's sentence to that of his coconspirators; the departure must be reasonable under the facts of the case. *United States v. Nelson*, 918 F.2d 1268, 1275 (6th Cir. 1990). That is what the Court did in this case.

In determining petitioner's sentence, the Court considered the sentences that his co-defendants received.

> The Court has considered the applicable guidelines in this case many times. The Court is of the opinion that these guidelines are high when compared to other drugs that we've see. The Court must also consider the fact that this Defendant's sentence should be in the range that will afford unwarranted sentencing disparities, and it's obvious your guideline range is much higher than some of your fellow Defendants who are, at least culpable as you are. The highest sentence that I have given in this conspiracy, which involves some 49 Defendants, has been 180 months. And I think that a sentence of 180 months in your case would be appropriate ...."

[Doc. 323, Transcript of Sentencing Hearing, p. 39]. Petitioner's claim of a sentencing disparity lacks merit.

### IV. Conclusion

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be

10

totally frivolous.  Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan<br>United States District Judge